IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00829-CMA-CBS

JASON CISNEROS,
    Plaintiff,
v.

MOUNTAIN VIEW POLICE OFFICER WENZARA,
CITY OF LAKESIDE POLICE OFFICER WERHIL,
CITY OF MOUNTAIN VIEW, and
CITY OF LAKESIDE,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff, Mr. Cisneros', failure to appear at the Status Conference held on December 10, 2012, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court order, failure to serve the Defendants, and failure to prosecute this action.  Pursuant to the Order Referring Case dated April 9, 2012 (Doc. # 6), this civil action was referred to the Magistrate Judge.  The court has reviewed the entire case file, the hearings held on November 1, 2012 and December 10, 2012, and the applicable law and is sufficiently advised in the premises.

    Through counsel, Mr. Cisneros filed his initial Complaint on April 2, 2012 and his First Amended Complaint on May 10, 2012, alleging pursuant to 42 U.S.C. § 1983 and § 1986 that Defendants violated his civil rights.  (*See* Docs. # 1, # 7).  The court set a Scheduling Conference for June 27, 2012.  (*See* "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Doc. # 8)).  On June 22, 2012, because no proof of service on any Defendant had been filed, the court converted the Scheduling Conference to a Status

1

Conference.  (*See* Minute Order (Doc. # 9)).  On June 27, 2012, pursuant to Plaintiff's counsel's request made via telephone, the court reset the Status Conference to August 1, 2012.  (*See* Doc. # 10).

On July 11, 2012, Plaintiff's counsel moved to withdraw.  (*See* Doc. # 12).  District Judge Arguello granted Plaintiff's counsel's Motion and directed counsel to "provide a copy of this Order to Plaintiff Cisneros to his last known address, and file a certificate of service with the Clerk of the Court."  (*See* Doc. # 12).  Plaintiff's counsel did not file a certificate of service with the court.  On August 1, 2012, the court directed Mr. Cisneros to "immediately contact the Clerk's Office with his current contact information (address and telephone number)." (*See* Doc. # 13).  Because Mr. Cisneros did not provide his contact information, on September 14, 2012, the court issued an Order to Show Cause.  (*See* Doc. # 14).  The court directed Mr. Cisneros to show cause on or before October 1, 2012 "why this civil action should not be dismissed for failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, the court's Minute Order dated August 1, 2012 (Doc. # 13), and failure to prosecute this action." (*See* Doc. # 14).  On October 1, 2012, Mr. Cisneros filed a letter with the court, explaining "why my case shouldn't be dismissed" and asking the court to "grant me a chance to pursue this case . . . ."  (*See* Doc. # 15).  On October 2, 2012, the court discharged the Order to Show Cause and on October 12, 2012, the court set a Preliminary Scheduling Conference for November 1, 2012.  (*See* Minute Order (Doc. # 16)).

On November 1, 2012, Mr. Cisneros did not appear in person, but appeared *pro se* via telephone.  (*See* Courtroom Minutes/Minute Order (Doc. # 17)).  The court noted that none of the Defendants had been served in the case.  The court set a further Status Conference for December 10, 2012 and warned Mr. Cisneros that if he failed to appear at

the Status Conference, this civil action "will be dismissed for failure to prosecute." (*See id.;* Minute Order (Doc. # 18)).

The court held the Status Conference on December 10, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 19)). Mr. Cisneros failed to appear. The Courtroom Deputy attempted to contact Mr. Cisneros by telephone and reached an individual who stated that Mr. Cisneros would not attend the hearing because he had not hired an attorney. The Courtroom Deputy left a message asking Mr. Cisneros to contact the court. Mr. Cisneros has not contacted the court regarding his failure to appear.

"[S]ervice of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (internal quotation marks and citation omitted). A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice

as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Defendants were named in the Complaint filed on April 2, 2012.  More than 250 days has passed since the filing of this civil action and the record before the court indicates that none of the Defendants have been served.  As of the date of this Recommendation, Defendants have not filed with the Clerk of the Court a signed waiver of service or appeared in the case.  Sufficient time has been afforded to Mr. Cisneros to serve Defendants.  This civil action may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

Mr. Cisneros failed to appear at the Status Conference held on December 10, 2012, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failed to serve the Defendants, and failed to prosecute this action.  Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.");  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.");  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions

sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Mr. Cisneros has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. While the court is not convinced that it is required to *sua sponte* identify and analyze the limitations periods or tolling provisions applicable to Mr. Cisneros' claims, nevertheless the court notes that Mr. Cisneros' § 1983 claims are subject to a two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotation marks and citation omitted). Mr. Cisneros alleges that the conduct underlying his claims occurred "[o]n or about February 18, 2012." (*See* Doc. # 7 at 3 of 12, ¶ 7). The statute of limitations as to Mr. Cisneros' claims has not expired.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr.

Cisneros' failure to appear at the Status Conference held on December 10, 2012, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to serve Defendants, and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 10th day of December, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge